DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Christina Scaffidi, appeals the decision of the Medina County Court of Common Pleas, Juvenile Division, which designated appellee, Mark Scaffidi, the residential and custodial parent of their minor child. This Court affirms.
 I. {¶ 2} Appellant and appellee were married on August 20, 1984. Appellant and appellee divorced on June 25, 1991. At the time of the divorce, the couple had two daughters. Several years after their divorce, appellant and appellee once again lived together. Appellant then became pregnant a third time with appellee's child and, on October 13, 2000, gave birth to their third daughter, Jenna. Immediately after Jenna's birth, appellant and appellee lived together, but appellee later moved out of the home he shared with appellant and his children.
 {¶ 3} Initially, appellant and appellee were able to agree on a visitation schedule. However, appellant began to feel that he was being denied visitation with his daughter. On August 17, 2001, appellee filed a post-decree motion in the Medina County Court of Common Pleas, Domestic Relations Division, to establish a formal allocation of parental rights and responsibilities concerning Jenna.
 {¶ 4} On March 12, 2002, appellant and appellee submitted a shared parenting plan to the Domestic Relations Court. Despite the shared parenting plan, the parties could not agree on visitation. On May 2, 2002, appellee filed a Motion to Show Cause for Failure to Follow the Parenting Time Schedule in the Medina County Domestic Relations Court. The Domestic Relations Court referred the matter to mediation.
 {¶ 5} Before mediation began, an incident occurred at appellee's apartment which resulted in appellant pleading guilty to criminal trespass. Appellee then filed for a civil protection order ("CPO") against appellant in Medina County Domestic Relations Court. At the hearing regarding appellee's request for a CPO, appellant alleged for the first time that appellee had molested their minor daughter. Subsequently, appellant's sister made an allegation that appellee had sexually assaulted her sixteen years earlier. The allegations made by appellant and her sister were investigated, but no charges were filed.
 {¶ 6} In February 2003, appellant borrowed a video camera from the parties' eldest child and had their middle child help her operate the camera. Appellant taped herself dressing the toddler after bathing her. It is unclear what, if anything else was on the videotape, as it was not introduced into evidence and, thus, is not part of the record on appeal.
 {¶ 7} On April 3, 2003, appellee filed a Request for Modification of the Custodial Arrangement in Medina County Domestic Relations Court, seeking to be designated the minor child's residential and custodial parent. Shortly thereafter, the minor child was removed from appellant's home and placed first with her older sister Gail and then with appellee's sister and brother-in-law.
 {¶ 8} On May 15, 2003, the Medina County Domestic Relations Court transferred the matter to the Juvenile Court. A hearing was held on October 17, November 21, and December 18, 2003, on appellee's Motion to Show Cause for Failure to Follow the Parenting Time Schedule and Request for Modification of the Custodial Arrangement. On February 9, 2004, the magistrate's decision was filed. The magistrate's decision modified the allocation of parental rights and responsibilities with regard to the minor child, naming appellee the residential and custodial parent. The magistrate's decision further found appellant in willful contempt of court for failing to provide court-ordered visitation to appellee.
 {¶ 9} On April 9, 2004, appellant filed objections to the magistrate's decision. Appellee filed a response. The trial court overruled appellant's objections and adopted the magistrate's decision.
 {¶ 10} Appellant timely appealed the trial court's entry overruling her objections, setting forth three assignments of error for review. The assignments of error have been rearranged to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN MAKING A FINDING THAT A CHANGE OF CIRCUMSTANCES HAD OCCURRED."
 {¶ 11} In her first assignment of error, appellant argues that the trial court erred in finding that a change of circumstances had occurred since the parties submitted a shared parenting plan to the domestic relations court on March 12, 2002. This Court disagrees.
 {¶ 12} R.C. 3109.04 governs the modification of a prior order allocating parental rights. Pursuant to R.C. 3109.04(E), a trial court may only modify a prior decree allocating parental rights and responsibilities if (1) there is a change in circumstances; (2) a modification is deemed to be in the best interests of the child; and (3) one of the following exists:
"(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
"(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
"(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C. 3109.04(E)(1)(a).
 {¶ 13} In order for the trial court to modify the shared parenting plan in the present case, the trial court had to find (1) there was a change in circumstances since the parties filed the shared parenting plan with the court; (2) a modification was deemed to be in the best interests of the parties' minor daughter; and (3) the harm likely to be caused by a change of environment was outweighed by the advantages of the change of environment to the child. R.C. 3109.04(E).
 {¶ 14} The threshold question in deciding to modify a prior decree allocating parental rights and responsibilities is whether there has been a change in circumstances. See Riggle v. Riggle, 9th Dist. No. 02CA0015, 2002-Ohio-5553, at ¶ 8. In determining whether a change of circumstance has occurred, "the change must be a change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997), 77 Ohio St.3d 415,418. Thus, a trial court must have wide latitude in considering all the evidence before it in determining whether a change has occurred, and an appellate court will not disturb a trial court's finding absent an abuse of discretion. Id. at paragraphs one and two of the syllabus. An abuse of discretion indicates more than a mere error in judgment or law, and exists only when a trial court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} In the present case, the magistrate found that appellant's refusal to comply with the trial court's order regarding appellee's visitation schedule with Jenna constituted a change of circumstances to warrant review of the prior decree allocating parental rights and responsibilities. After reviewing the record, this Court cannot conclude that the trial court abused its discretion in finding that a change in circumstances had occurred.
 {¶ 16} A review of the record reveals that appellant failed to abide by either the shared parenting plan the parties submitted to the court on March 12, 2002, or the standard schedule of the court. "[A] custodial parent's interference with visitation by a noncustodial parent may be considered as part of a `change of circumstances' which would allow for modification of custody." Bland v. Bland, 9th Dist. No. 21228, 2003-Ohio-828, quoting Holm v. Smilowitz (1992), 83 Ohio App.3d 757,773.
 {¶ 17} As there was sufficient evidence to show that a change in circumstances occurred after the March 12, 2002 shared parenting plan, appellant's first assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING REFERENCE AND TESTIMONY OF THE CONTENTS OF A VIDEO TAPE, AND BASING ITS DECISION IN PART ON THE VIDEOTAPE WHEN THE TAPE WAS NEVER SUBMITTED INTO EVIDENCE OR PRODUCED FOR THE COURT'S OBSERVATION."
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ITS `BEST INTEREST' ANALYSIS."
 {¶ 18} In appellant's third assignment of error, she argues that the court abused its discretion by admitting reference and testimony of the contents of the videotape made by appellant. Appellant further avers that the trial court erred by basing its decision on the videotape when the videotape was neither submitted into evidence nor produced for the trial court's review. In her second assignment of error, appellant argues that the trial court abused its discretion in making appellee the residential and custodial parent as in Jenna's best interest. Appellant avers that the decision of the trial court was based on "personal bias, including supposition of the contents of the videotape, rather than `competent and credible evidence.'" For the reasons set forth below, this Court finds that appellant's arguments lack merit.
 {¶ 19} Evid. R. 1002, the Best Evidence Rule, generally requires the introduction of a videotape into evidence in order to prove the contents thereof. Evid. R. 1002 provides:
"To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio."
Evid. R. 1004 lists exceptions to the Best Evidence Rule, and states:
"The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
"(1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or
"(2) Original not obtainable. No original can be obtained by any available judicial process or procedure; or
"(3) Original in possession of opponent. At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing; or
"(4) Collateral matters. The writing, recording, or photograph is not closely related to a controlling issue."
 {¶ 20} In the present matter, Mary Beth Corrigan, an attorney who served as Jenna's guardian ad litem in this matter, and Nicole Scaffidi, one of the parties' three daughters, both testified regarding the videotape.
 {¶ 21} Ms. Corrigan testified that she viewed the videotape of Jenna made by appellant. Appellant's trial counsel timely objected to Ms. Corrigan's testimony on the basis that the videotape had not been introduced into evidence. The objection was overruled, and Ms. Corrigan was permitted to testify regarding the contents of the videotape.
 {¶ 22} A review of the record shows that none of the exceptions listed in Evid. R. 1004 applies to Ms. Corrigan's testimony in the present matter. In fact, during the hearing, the trial court stated: "I'd be happy to get it to counsel (inaudible) police department. We can get it so you can view it." Clearly, the videotape was available and should have been introduced into evidence. Therefore, the trial court abused its discretion in admitting Ms. Corrigan's testimony regarding the contents of the videotape.
 {¶ 23} Appellee argues that even if Ms. Corrigan's testimony should not have been admitted, appellant has not properly preserved this error for appeal because she did not object to subsequent testimony by Amy McGarry and Nicole Scaffidi regarding the videotape. This Court disagrees as the Best Evidence Rule was not applicable to this testimony.
 {¶ 24} Jenna's sister, Nicole, who actually set up the video camera and was present when it was recording, testified as to what she observed as the video camera was recording. Unlike Ms. Corrigan, Nicole testified to what she observed firsthand and not what she observed on a videotape.
 {¶ 25} Appellee also argues that appellant failed to object to the testimony given by Amy McGarry, an attorney assigned to succeed Ms. Corrigan as Jenna's guardian ad litem. A review of the record, however, shows that, in her testimony, Ms. McGarry only references the fact that a videotape was made. Ms. McGarry does not testify as to the contents of the videotape. Consequently, appellant did not waive her argument by not objecting to Nicole's and Ms. McGarry's testimony as well.
 {¶ 26} Appellant next argues that the trial court's decision was not supported by competent and credible evidence, particularly because the trial court improperly relied on the contents of a videotape that was never introduced into evidence and was improperly testified to by Ms. Corrigan. "Where an allocation of parental rights and responsibilities is supported by a `substantial amount of credible and competent evidence' the decision will not be reversed." In re Surdel (May 12, 1999), 9th Dist. No. 98CA007172, quoting Davis, 77 Ohio St.3d at 418. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the juvenile court]." Karches v. Cincinnati
(1988), 38 Ohio St.3d 12, 19. While this Court considers witness credibility, it also recognizes that the trial court is in the best position to determine the credibility of witnesses. See State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the [juvenile] court's verdict and judgment." Karches, 38 Ohio St.3d at 19.
 {¶ 27} R.C. 3109.04(E)(2)(b) provides that a court may modify a shared parenting plan if it is in the best interests of the children. R.C.3109.04(F)(1) provides a list of factors a trial court must consider in determining whether a change in custody would be in the best interest of the child.
 {¶ 28} Although framed as an attack on the trial court's best interest analysis, on appeal, appellant does not specifically challenge the trial court's findings pursuant to R.C. 3109.04(E)(2)(b) and (F)(1). Rather, appellant challenges the trial court's finding pursuant to R.C.3109.04(E)(1)(a)(iii) that "the harm likely to be caused by a change of environment is far outweighed by the advantages of the change of environment to the child." Appellant contends that the trial court's finding pursuant to R.C. 3109.07(E)(1)(a)(iii) was not supported by competent and credible evidence. This Court disagrees despite the trial court's error regarding the videotape.
 {¶ 29} In its entry overruling appellant's objections and adopting the magistrate's decision, the trial court states, in part:
"The mother subjected her daughter — just a toddler — to repeated, unnecessary vaginal examinations. She cast unwarranted suspicion and opprobrium upon the father. She created an odious videotape of her own examination of Jenna. She made her other daughter, Nichole, complicit in the making of the videotape. She refused to follow a clear court order with regard to parenting time, simply to hurt the father and to alienate him from Jenna."
"How disgusting."
 {¶ 30} The comments by the trial court, though well intentioned, do not reflect the reality of the testimony presented regarding the content of the videotape.
 {¶ 31} Although the trial court states that appellant "examined" Jenna on the videotape, a review of the entire record does not support such a conclusion. While the trial court characterizes the videotape as "odious," the only admissible testimony regarding the content of the videotape came from Jenna's sister Nicole and was sketchy at best. As stated previously, Ms. Corrigan's testimony regarding the videotape should not have been allowed or considered by the trial court.
 {¶ 32} Notwithstanding the fact that Ms. Corrigan's testimony was improperly admitted, this Court does not find that this constituted prejudicial error. Without considering the videotaping incident, the trial court's modification of the parties' shared parenting plan was supported by a substantial amount of competent and credible evidence. Appellant pled guilty to criminal trespass, after an incident that took place while appellee was exercising his right to visitation with Jenna. Furthermore, the trial court found that appellant struck appellee during the trespassing incident. Although appellant denied striking appellee, the trial court did not find her testimony credible. DeHass, 10 Ohio St.2d 230
at paragraph one of the syllabus. In addition, the trial court found appellant in willful contempt of court for failure to abide by the parenting plan as set forth in the March 12, 2002 order of the domestic relations court. The trial court found that appellant interfered with appellee's visitation with Jenna between March 12, 2002, and May 2, 2002, when appellee filed the motion for modification that led to this appeal. These factors alone establish competent, credible evidence to support the trial court's finding that designating appellee the residential and custodial parent was in Jenna's best interest. Consequently, appellant's second and third assignments of error are overruled.
 III. {¶ 33} Appellant's three assignments of error are overruled. The decision of the Medina County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J. Batchelder, J. concur